UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BLAINE LANDRY | * | CIVIL ACTION NO:        DIV: |
| v. | * | JUDGE |
| LT. CRISWELL | * | MAGISTRATE JUDGE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DAMAGES

Now into court, through undersigned counsel, comes **BLAINE LANDRY** for all injuries incurred as a result of the actions of Defendant in deliberate indifference to constitutional rights in their failure to protect plaintiff, in violation of the Eighth Amendment to the U.S. Constitution for use of unnecessary force, excessive force or corporal punishment, and other wrongs or other causes as follows:

1.

### Jurisdiction

The jurisdiction of this Honorable Court is invoked Pursuant to 28 USC § 1331 "Federal Question" and accordingly plaintiff specifically seeks relief pursuant to the 28 USC § 1983 for injuries, damages and other losses as well as supplemental jurisdiction pursuant to 28 USC § 1367 over all state law claims.

2.

### Venue

Venue is proper pursuant to 28 USC § 1391 (b)(D(2) in that the Plaintiff and Defendant reside and are located in East Feliciana Parish at the time of the incident and the events or omissions giving rise to the claims herein occurred at DCI which is within this judicial district.

3.

### EXHAUSTION

The incident took place on December 6, 2016.  All Administrative Remedies were exhausted through Second Step issued in DCI 2017-31 on April 4, 2017.

4.

Parties

**PLAINTIFF:**

**BLAINE LANDRY** is a major who is currently incarcerated in the Dixon Correctional Center, DOC #6021217, and who was an inmate at that facility where he was attacked and injured.

**Defendant:**

**LT. CRISWELL** is a major, who is employed by the Dixon Correctional Center and who was acting within the course and scope of his employment during all material times herein and under the color of state law and amenable to service of process at Dixon Correctional Center on any employee of suitable age and discernment.

5.

GENERAL ALLEGATIONS

On December 6, 2016, BLAINE LANDRY was a DOC inmate housed at the DCI.

6.

On December 6, 2016, LT. CRISWELL was in the course and scope of his duties as a correctional officer/guard and working at the Dixon Correctional Center.

7.

On December 6, 2016, BLAINE LANDRY was confined to a wheel chair and was disabled when LT. CRISWELL wrote him up for a rule violation(s). LT. CRISWELL ordered BLAINE LANDRY to be restrained.

8.

BLAINE LANDRY did not and could not resist as he is paralyzed from the waist down.

9.

LT. CRISWELL pulled BLAINE LANDRY out of his wheel chair to the ground and

yanked BLAINE LANDRY'S arm behind his back dislocating the arm from the shoulder joint.

10.

After the arm was dislocated, LT CRISWELL kept ordering BLAINE LANDRY to put it behind his back. BLAINE LANDRY responded that the arm was broken and he could not do so.

11.

LT. CRISWELL grabbed the arm and cuffed BLAINE LANDRY behind his back. Following the incident, BLAINE LANDRY'S arm was put back in place, but he still suffers from a torn ligament, which requires surgery.

12.

BLAINE LANDRY also suffered a neck injury.

13.

Following the incident Warden Booty threatened BLAINE LANDRY that if he did not drop the ARP he would never see his family. BLAINE LANDRY was extremely fearful and suffering in pain from his injuries. He has no way to defend himself from other prisoners or the guards. He was denied medical treatment for days after the incident.

14.

The Constitution, statutes, rules and regulations enacted to protect inmates were disregarded.

15.

La. R.S. 15:829, which allows the Secretary of the Louisiana Department of Public Safety and Corrections to enact rules and regulations governing inmates and guards, provides that corporal punishment of inmates is forbidden. See also, lac 22:3309 (B) and see Department Regulation No. c-02-006 (6)(b)(c)(d).

> A. The secretary of the Department of Public safety and Corrections shall prescribe rules and regulations for the maintenance of good order and discipline for inmates

sentenced to the legal custody of the department whether housed in local or state facilities, which rules and regulations shall include procedures for dealing with violations thereof. A copy of such rules and regulations shall be furnished each inmate. **Corporal punishment is prohibited.**

16.

Manhandling an infirm inmate who is unable to defend himself is per se unreasonable behavior.

17.

The Regulations enacted by the Secretary include Department Regulation no. c-02-006 (12), addressing the use of chemical agents, as follows:

> A. Chemical agents... shall not be used as punishment under any circumstances and may be used against an offender... only in the following circumstances:
>   1) To quell a riot and/or prevent loss of life, serious injury to persons(s) and/or extensive destruction of property;
>   2) To quell a disturbance that could lead to a serious situation which m ay jeopardize the safety, security and good order of the institution; or
>   3) To regain control of the institution or part of it.
> B) The use of chemical agents, ... is considered a use of force. When used, only the minimum amount of force necessary to control the situation shall be used. . . .
> C) A determination for corporate or mass use of chemical agents, . . . shall be made by the warden or designee . . .
> D) Chemical agents, . . . shall not:
>   1) Be used on those offenders who remain passive in their cells without causing a disturbance or becoming hostile **unless the offender continuously defies orders to come to the bars of the cell**, a determination for use under these circumstances, or against an individual offender, should be made by the highest ranking supervisor on duty in the area where the incident is occurring.

18.

In the alternative, this guard has similarly attacked other inmates.

19.

In the alternative, where the guard may have committed the same acts on other inmates that is unknown at this time, but where same may be shown, or where ratification of the actions of guards may be shown, or violation of or failure to implement any applicable policies or procedures, there may be other persons at fault where same

constitutes a deliberate indifference to the constitutional rights of a detainee. All rights are reserved herein to name additional Defendant pending discovery.

20.

It was unreasonable for Defendant(s) to use force on Plaintiff when he was not resisting and when he was no longer resisting or attempting to flee or, otherwise, commit any crime.

21.

Use of force was unnecessary and excessive to any need and/or there was no need for use of force under the 4th and 8th Amendments and the circumstances presented.

22.

Whether there was other policy and practice in place at the DCI pertaining to the use of force, which policy was violated and which caused or contributed to the injuries, is unknown at this time.

23.

The Defendant acted in a manner that was in wanton or reckless disregard or with malice or willfulness to cause injury and violate constitutional rights.

24.

Violating numerous inmates rights and failure to follow rules and regulations implemented for the protection of inmates constitutes deliberate indifference.

25.

The following claims for relief are pled collectively and in the alternative.

26.

**INJURIES**

The Plaintiff suffered acute injury and multiple serious and prolonged injury which include but are not limited to his arm, neck, and shoulder, along with discomfort, humiliation, pain and suffering, mental and emotional injury, medical and pharmaceutical

expenses, and lost wages.

27.

## FIRST CLAIM FOR RELIEF

SECTION 1983 VIOLATION OF CIVIL RIGHTS

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

Under the color of State and local law, Defendant violated the Plaintiff's 4th, 8th and/or 14th Amendment right to be free from use of corporal punishment, unnecessary and/or excessive force while being seized and/or detained by the Defendant.

28.

Guards are prohibited by state law from using corporal punishment on prisoners. La. R.S. 15:829.

29.

Use of corporal punishment was prohibited and/or force was unnecessary and/or excessive to any need and/or there was no need for use of force under the 4th or 8th Amendment and the circumstances presented.

30.

The guard violated multiple state laws and rules and regulations.

31.

The conduct of the Defendant was extreme and outrageous.

32.

Defendant acted in a manner that was in wanton or reckless disregard or with malice or willfulness to cause injury and violate constitutional rights.

33.

## SECOND CLAIM FOR RELIEF COSTS AND ATTORNEY FEES

Plaintiff seeks relief in the form of attorney's fees and cost pursuant to 42 USC § 1988 and punitive damages pursuant to 28 USC § 1983.

Wherefore, Plaintiff prays that the Defendant be cited to appear and answer and that after resolution of this matter that this Honorable Court enter Judgment in favor of the Plaintiff against the Defendant with legal interest from the date of demand as follows:

a. Physical pain and suffering;

b. Physical injuries;

c. for emotional and mental distress, pain and suffering, humiliation, embarrassment and loss of employment opportunities;

d. Medical, hospital and pharmaceutical bills and services past, present, and future;

e. inconvenience;

f. Lost wages;

g. All litigation expenses;

h. For attorneys fees and for costs as may be allowable by law; and

j. For such other relief that the Court may deem just, equitable, or proper.

Respectfully submitted:

s/ Donna U. Grodner

Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919  FAX (225) 769-1997
Dgrodner@grodnerlaw.com